**Robert B. REICH, Secretary of Labor, Plaintiff,**

v.

**STATE CREDIT INC., et al., Defendants.**

**No. 1:94cv0724.**

United States District Court,
N.D. Ohio,
Western Division.

May 26, 1995.

---

Forbes, Painesville, OH, for defendants State Credit, Inc., Michael P. Manary.

## MEMORANDUM & ORDER

CARR, District Judge.

This action is before the court on defendants' motion for summary judgment. For the following reasons, defendants' motion shall be overruled.

Defendant State Credit employed complainant Mary York as a bill collector. At a family Christmas party in 1991, Ms. York mentioned problems with kerosene heaters and overflowing toilets at the State Credit offices. Ms. York's daughter, Mary Margaret Wheeler, heard the complaints and, without her mother's knowledge, made complaints to the Painesville City Building Department.

■ On January 7, 1992, after learning about the complaints, defendant Michael Manary, the manager of day-to-day operations at State Credit, called a meeting to tell the staff that a "low down person" or a "lowlife" had filed the complaints. After the meeting, Mr. Manary summoned Ms. York to his office and asked her if she called the Building Department. Ms. York denied the accusations, and Mr. Manary called her a "dirty double-crossing liar." Mr. Manary also told Ms. York that he could not fire her but that he wanted her out of the office, to clear out her desk, and to try and find another job in Lake County.

Concluding from Mr. Manary's comments that she had been fired, Ms. York cleaned out her desk, left for lunch, and did not come back to work. The Secretary of Labor then brought this action on Ms. York's behalf pursuant to 29 U.S.C. § 660(c)(1), which provides that:

> No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this act or has testified or about to testify in any such proceeding or because of the exercise by such employee on behalf of

Betty Klaric, Department of Labor, Cleveland, OH, for plaintiff Robert B. Reich, Secretary of Labor.

Rita A. Maimbourg, Arter & Hadden, Cleveland, OH, Glenn E. Forbes, Cooper &

himself or others of any right afforded by this chapter.

Defendants contend that they are entitled to summary judgment on the grounds that: (1) because she did not file the complaints with the Painesville Building Authority, Mary York did not engage in protected activity; (2) the defendants did not discharge her; (3) even if defendants did discharge her, the complaints were not a significant factor in the decision to discharge her; and (4) Mr. Manary is not individually liable for discriminating against Ms. York because he was acting as State Credit's agent.

■ Plaintiff counters defendants' first assertion by arguing that the important fact is not Ms. Wheeler's initial complaint but Mr. Manary's belief that Ms. York made the complaint. In answering this question of first impression, I agree that the person engaging in protected activity need not be defendants' employee if an employee suffered due to defendants' mistaken belief that it was actually the employee filing the complaints.

As the court stated in *Reich v. Hoy Shoe Co., Inc.*, 32 F.3d 361, 367–68 (8th Cir.1994):

It is beyond question that employers make employment decisions based upon what they actually know to be true. Likewise, common sense and experience establish that employers also make employment decisions on what they suspect or believe to be true. It would be a strange rule, indeed, that would protect an employee discharged because the employer actually knew he or she had engaged in protected activity but would not protect an employee discharged because the employer merely believed or suspected he or she had engaged in protected activity.

The natural conclusion, therefore, is that an employer should not be allowed to discharge an employee, on the basis of the employer's belief that the employee is engaging in protected activity, due to the fortuitous circumstance that the person actually engaged in the protected activity is not · an employee. Defendants' reliance on the strict language of the statute is unavailing; if Ms. York was discharged because defendants believed she complained to the building authori-ty, that should be sufficient to support liability under the statute.

Defendants also contend that Ms. York voluntarily resigned; therefore, she was not discharged for engaging in protected activity. Due to the contrasting nature of the parties' accounts, unresolved issues of material fact make summary judgment inappropriate. Mr. Manary's description of Ms. York as a "dirty double-crossing liar" and his directions to her to leave, to clear out her desk, and to try and find another job in Lake County, could have caused Ms. York to believe that she had been discharged despite Mr. Manary's statement that he could not fire her. *See N.L.R.B. v. Champ Corp.*, 933 F.2d 688, 692 (9th Cir.1990) ("No set words are necessary to constitute a discharge; words or conduct, which would logically lead an employee to believe his tenure had been terminated, are in themselves sufficient.")

■ No evidence supports defendants' contention that the complaints were not a significant factor in Ms. York's discharge. Defendants mention various disciplinary actions against Ms. York during her tenure with State Credit, but do not draw a connection between the disciplinary actions and the alleged discharge. At best, defendants allegations implicate the central issue of material fact regarding the motivation underlying Ms. York's discharge.

■ As to defendants' final argument that Mr. Manary is not individually liable because he acted as State Credit's agent, this is contrary to the statute's specific language that *"no person* shall discharge or in any manner discriminate." (emphasis added). In 29 C.F.R. § 1977.4, the Secretary defines "person" as "one or more individuals, partnerships, associations, corporations, business trusts, legal representatives, or any group of persons." Because the statute's prohibition extends to "any other person in a position to discriminate," *Id.*, Mr. Manary is not excused from liability on the basis that he was merely his employer's agent.

For the reasons stated above,

**IT IS ORDERED THAT** defendants' motion for summary judgment be and the same hereby is denied, and it is

**FURTHER ORDERED THAT** a status conference is set for June 6, 1995 at 2:00 p.m.

**So ordered.**